IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CANFIELD, | No. 2:18-CV-1092-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (ECF No. 20).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d

1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Donald Canfield names the following as defendants: (1) Ralph Diaz; (2) Robert Burton; (3) Lozano; (4) Narinder Saukhla; (5) S. Awatani; (6) Michael D. Fox; (7) J. Lewis; (8) Joseph Bick; (9) Deepak Mehta; (10) Michael R. Riedon; (11) John M. Dowbak; (12) Wieland; (13) Michelle Ditomas; (14) Andrew Sawicki; (15) Sekhon Simranjit; (16) C. Haless; (17) R. Shwatain. See ECF No.20, pgs. 2-3.

Plaintiff alleges that in 2014 he stumbled and slipped in the shower causing his ankle bone to fracture and resulting in substantial injury. See ECF No. 20, pg. 7. After this injury, plaintiff was transferred to California State Prison in Vacaville, CA. From thereon, plaintiff made numerous complaints about pain arising from his injury and requested medical care. See ECF No. 20, pg. 4. Plaintiff alleges that, despite his complaints, there was a substantial delay in treatment and that such delay ultimately led to the amputation of his foot and part of his leg. See ECF No. 20, pgs. 4-9.

As to defendant Dr. Narinder Saukhla, plaintiff's primary care physician, plaintiff alleges that defendant's delay in precuring him surgery resulted in the loss of his leg. See ECF No. 20, pg. 4. Specifically, plaintiff alleges that Saukhla had "full knowledge" of his medical condition from January 2015 to August 12, 2016. See id. However, plaintiff was not cleared for surgery until February 2016, and then was delayed further until August 12. Id. In the interim of this delay, plaintiff alleges to have made over 40 medical requests. See id.

///

As to all other named defendants, plaintiff makes general allegations that each person failed to act within their assigned duties and this failure contributed to the loss of his leg. See ECF No. 20, pgs. 4-6.

## II. DISCUSSION

### A. Deliberate Indifference

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see

also <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See <u>McGuckin</u>, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See <u>Lopez</u>, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See <u>McGuckin</u>, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See <u>Estelle</u>, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

### 1. **Defendant Narinder Saukhla**

Plaintiff has sufficiently alleged facts to state a cognizable claim of deliberate indifference under the 8th Amendment. See ECF No. 20, pg. 4. By separate order issued herewith, plaintiff will be required to submit documents necessary for service on this defendant.

///

///

///

///

4

**2. Remaining Defendants**

Plaintiff has failed to state a cognizable claim against any of the other named defendants. Plaintiff makes blanket allegations towards the defendants by stating that they (1) had full knowledge of his serious medical condition, and (2) failed to act, resulting in the amputation of his leg. See ECF No. 20, pgs. 4-6. However, plaintiff does not specify what each individual did or did not do. These allegations simply make conclusory statements of "deliberate indifference" and "com[ing] up short" without any particular statement of fact. See ECF No. 20, pgs. 4-6. Simply attaching the claim's label to each defendant is not enough. To state a claim, a plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Without this, the Court cannot engage in any meaningful analysis to determine whether plaintiff has stated a cognizable claim for deliberate indifference against the named defendants.

**B. Supervisory Liability**

The Court observes defendants (1) Ralph Diaz; (2) Robert Burton; and (3) Lozano are being charged with liability based merely on their role as supervisors at California State Prison. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

///

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, plaintiff appears to allege that the named defendants are liable as supervisory personnel—asserting that as supervisors, these defendants are liable for the conduct of their subordinates. See ECF No. 20, pg. 4. This is a respondeat superior theory of liability, which is not cognizable under § 1983. See Taylor, 880 F.2d at 1045. A supervisor can only be held liable for their own actions or inactions resulting in the violation of plaintiff's constitutional rights, not the actions or inactions of their subordinates. Therefore, plaintiff has failed to state a claim against the named defendants.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

///

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that if he does not file a third amended complaint within the time provided herein, this action shall proceed on the second amended complaint as against defendant Narnder Saukhla only and the court will issue findings and recommendations that the remaining defendants be dismissed.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated: October 3, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE