IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD CANFIELD, | No. 2:18-CV-1092-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| NARINDER SAUKHLA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's fourth motion, ECF No. 56, for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Addressing Plaintiff's second motion for counsel, the Court stated:

> . . .Plaintiff asserts appointment of counsel is warranted because he has a limited education, limited funds, and is incarcerated. These constitute the ordinary circumstances of most prisoners, not exceptional circumstances as would permit the appointment of counsel. A review of the docket reflects that plaintiff is able to sufficiently articulate his claims on his own. Further, the court cannot say at this stage of the proceedings before plaintiff has filed an operative complaint that passes screening whether there is any particular likelihood of success on the merits. Finally, based on the allegations regarding denial of adequate medical care in the original complaint which the court found to be insufficient, it does not appear that the claims and issues involved in this case are overly complex, either legally or factually.
>
> ECF No. 23.

In his third motion for counsel, Plaintiff asserts the same bases justifying relief. See ECF No. 39. Plaintiff does not add anything new in his current fourth motion. See ECF No. 56. Moreover, as explained in the Court's August 1, 2022, findings and recommendations granting Defendants' unopposed motion for summary judgment, the Court can now conclude there is no chance of success on the merits of Plaintiff's claims. Because Plaintiff has not presented exceptional circumstances, Plaintiff's motion will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's fourth motion for the appointment of counsel, ECF No. 56, is denied.

Dated: August 15, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE